UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAPU GEMS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>DIAMOND IMPORTS, INC., et al.,<br><br>    Defendants. | Case No. 15-cv-03531-MMC  (JSC)<br><br>**ORDER DENYING MOTION TO COMPEL PERSONAL INCOME TAX RETURNS AND EXTENDING DEADLINES** |

The parties had several discovery disputes which have since resolved. The parties still dispute, however, Plaintiffs' request for production of the individual income tax returns of defendant Yair Yachdav. Yachdav contends the returns are privileged and need not be produced. After considering the parties' written submissions (Dkt. Nos. 75, 89, 90), and having had the benefit of oral argument on September 12, 2016, the Court agrees.

As the Court's subject matter jurisdiction is based on diversity, the privilege is governed by California law. Fed. R. Evid. 501. Personal income tax returns are privileged under California law. *Webb v. Standard Oil Co.*, 49 Cal.2d 509, 513 (1957). Plaintiffs thus bear the burden of showing that the privilege nonetheless does not apply or that it was waived. *See Quigley v. Am. Claims Servs., Inc.*, No. 2:13-CV-1766-KJM-EFB, 2014 WL 5780958, at *4 (E.D. Cal. Nov. 5, 2014). "[The tax return] privilege is waived or does not apply in three situations: (1) there is an intentional relinquishment, (2) the gravamen of [the] lawsuit is so inconsistent with the continued assertion for the taxpayer's privilege as to compel a conclusion that the privilege has in fact been waived, or (3) a public policy greater than that of confidentiality of tax returns is involved." *Schnabel v. Superior Court*, 5 Cal.4th, 704, 721 (1993) (internal quotations and citations omitted). Plaintiffs have not shown that any of these three situations apply, and based on its own review of

the record the Court concludes that none do.  Plaintiffs' motion to compel Yair Yachdav's personal tax returns is therefore DENIED.

As discussed at the September 12, 2016 hearing, the discovery deadline is extended to October 28, 2016 and the deadline for filing dispositive motions is extended to November 4, 2016.[1]  The parties prefer to maintain the March 2017 trial date.  Further, on or before September 16, 2016, the parties shall submit a joint letter to the undersigned magistrate judge regarding whether they would like a referral to a magistrate judge for a settlement conference.

This Order disposes of Docket Nos. 70, 72 & 75.

**IT IS SO ORDERED.**

Dated: September 12, 2016

*Jacqueline Scott Corley*
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

---

[1] The district court's July 18, 2016 Order authorized the undersigned to extend pretrial dates. (Dkt. No. 73.)

2