1

2

3

4             IN THE UNITED STATES DISTRICT COURT

5          FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7   KAPU GEMS, ET AL.,                    Case No. 15-cv-03531-MMC

8              Plaintiffs,                **ORDER GRANTING
                                          COUNTERDEFENDANTS' PARTIAL
9        v.                               MOTION TO DISMISS FIRST
                                          AMENDED COUNTERCLAIM FOR
10  DIAMOND IMPORTS, INC., et al.,        DAMAGES**

11             Defendants.                Re: Dkt. No. 96

12

13       Before the Court is the "Partial Motion to Dismiss Diamond Imports, Inc.'s First

14  Amended Counterclaim for Damages," filed September 21, 2016, by

15  plaintiff/counterdefendant Kapu Gems, pursuant to Rule 12(b)(6) of the Federal Rules of

16  Civil Procedure.  Defendant/counterclaimant Diamond Imports, Inc. ("Diamond Imports")

17  has filed opposition, to which Kapu Gems has replied.  Having read and considered the

18  papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

19                              **BACKGROUND**

20       Counterclaimant Diamond Imports is a California-based diamond importer and

21  retail supplier.  (See First Amended Compl. ¶¶ 2, 8.)  Counterdefendant Kapu Gems is a

22  diamond importer and exporter located in the Republic of India.  (See id. ¶ 1, 7.)

23       On February 19, 2016, Diamond Imports filed a "Counterclaim for Damages,"

24  asserting six causes of action against Kapu Gems, Kapu Gems Ltd., and Kalpesh

25  Vaghani ("Vaghani").  By order filed August 12, 2016, the Court dismissed the

26  Counterclaim in its entirety as to Kapu Gems Ltd. and Vaghani and dismissed, with leave

27  _____

28       [1] By order filed November 16, 2016, the Court took the matter under submission.

United States District Court
Northern District of California

1   to amend, five of the six causes of action asserted in the Counterclaim against Kapu

2   Gems.

3       Thereafter, on August 24, 2016, Diamond Imports filed a "First Amended

4   Counterclaim," ("FACC") asserting three causes of action against Kapu Gems.  The

5   FACC is the subject of the instant motion and contains the following allegations.

6       On June 7, 2012, Kapu Gems and Diamond Imports, doing business as Kapu

7   Gems USA (see FACC Ex. 2), entered into a written agreement whereby they "agree[d]

8   to open [a] diamond office for Kapu Gems India in [the United States] . . . to s[ell] loose

9   diamonds all over [the United States]" (see id. Ex. 1).  Pursuant to said agreement,

10  Diamond Imports President Yair Yachdav was to "handle all sales and inventory control

11  in [the United States]."  (See id.).

12      After the parties entered into said agreement, Kapu Gems, "[i]n or about 2013,"

13  asked "Diamond Imports to share its confidential customer and price list with Kapu

14  Gems;" (see id. ¶ 12); Kapu Gems said it wished "to ensure that Diamond Imports could

15  deliver as an experienced diamond seller" (see id).  After receiving Kapu Gems'

16  assurances that "it or its employees would never contact the customers [on the list]

17  without Diamond Imports' knowledge and consent" (see id. ¶ 14), Diamond Imports

18  shared the list with Kapu Gems (see id. ¶ 12) and, at some point, also "introduced" Kapu

19  Gems, "[i]n furtherance of the . . . joint venture," to its customers Blue Nile, Brilliant Earth,

20  and Ritani (see id. ¶¶ 13, 16, 19).

21      In 2014, Diamond Imports discovered that Kapu Gems had, contrary to its

22  assurances, "directly solicited Blue Nile, Brilliant Earth, and Ritani" without Diamond

23  Imports' permission.  (See id. ¶ 22.)  In addition, "[s]everal other . . . customers" informed

24  Diamond Imports that Kapu Gems had "contacted them by offering them diamonds at a

25  slightly lower price than what Diamond Imports could offer."  (See id.)  "[B]ased upon the

26  misappropriation of Diamond Imports customers," Diamond Imports "lost over 75% of its

27  customers" (see id. ¶ 24), resulting in "lost revenue and lost profits of $963,000" (see id.

28  ¶ 25.)

United States District Court
Northern District of California

2

1    Based thereon, Diamond Imports asserts the following three Causes of Action

2 against Kapu Gems: (1) "Misappropriation of Trade Secrets," (2) "Interference with

3 Business Relationship," and (3) "Unfair Competition (Business and Professions Code

4 17200)."

5                                          **LEGAL STANDARD**

6    Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure "can be

7 based on the lack of a cognizable legal theory or the absence of sufficient facts alleged

8 under a cognizable legal theory."  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696,

9 699 (9th Cir. 1990).  Rule 8(a)(2), however, "requires only 'a short and plain statement of

10 the claim showing that the pleader is entitled to relief.'"  See Bell Atlantic Corp. v.

11 Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  Consequently, "a

12 complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

13 allegations."  See id.  Nonetheless, "a plaintiff's obligation to provide the grounds of his

14 entitlement to relief requires more than labels and conclusions, and a formulaic recitation

15 of the elements of a cause of action will not do."  See id. (internal quotation, citation, and

16 alteration omitted).

17    In analyzing a motion to dismiss, a district court must accept as true all material

18 allegations in the complaint, and construe them in the light most favorable to the

19 nonmoving party.  See NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

20 "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

21 accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal,

22 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "Factual allegations must

23 be enough to raise a right to relief above the speculative level[.]"  Twombly, 550 U.S. at

24 555.  Courts "are not bound to accept as true a legal conclusion couched as a factual

25 allegation."  See Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

26                                          **DISCUSSION**

27    Kapu Gems has answered the First Cause of Action and brings the instant motion

28 as to the Second and Third Causes of Action.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

### A.  Second Cause of Action:  "Interference with Business Relationship"

In the Second Cause of Action, Diamond Imports alleges it had "existing and prospective business relationships with customers" (see FACC ¶ 34) and that Kapu Gems "knew of [said] relationships[s]" (see id. ¶ 35) and "interfered with" said relationships (see id. ¶ 34) by "using Diamonds Imports' customer and price list which Kapu Gems wrongfully misappropriated" (see id. ¶ 37).

By the instant motion, Kapu Gems argues the Second Cause of Action is subject to dismissal because California's Uniform Trade Secrets Act ("CUTSA") "preempts tort claims, including tortious interference, brought under the same set of allegations as a CUTSA claim."  (See Mot. at 6:27-7:3).

CUTSA is codified in sections 3426 through 3426.11 of the Civil Code and "has been characterized as having a comprehensive structure and breadth."  See K.C. Multimedia, Inc. v. Bank of America Tech. & Operations, Inc., 171 Cal. App. 4th 939, 954 (2009) (internal quotation and citation omitted).  As set forth in section 3426.7(b), the only remedies that CUTSA "does not affect" are "(1) contractual remedies, whether or not based upon misappropriation of a trade secret, (2) other civil remedies that are not based upon misappropriation of a trade secret, or (3) criminal remedies, whether or not based upon misappropriation of a trade secret."  See Cal. Civil Code § 3426.7(b) (emphasis added); see also Silvaco Data Sys. v. Intel Corp., 184 Cal. App. 4th 210, 234 (2010) (holding "section 3426.7's peculiar construction . . . is best understood as assuming that CUTSA would occupy the field of trade secrets liability, and as seeking to limit [CUTSA's] supersessive effect only as it might impair the specified statutes and remedies") (emphasis omitted).  Consequently, and irrespective of how such claims are titled, all "common law claims that are based on the same nucleus of facts as the misappropriation of trade secrets claim for relief" are displaced.[2]  See K.C. Multimedia, Inc., 171 Cal. App.

---

[2] As explained by the California Supreme Court, the preferred word to describe the "effect the California Code has on . . . other [state law] causes of action" is "displace," rather than "preempt."  See Zengen, Inc. v. Comerica Bank, 41 Cal. 4th 239, 237 n.5 (2007) (noting "[t]echnically, the doctrine of preemption concerns whether a federal law

1    4th at 958.  "[T]he determination of whether a claim is based on trade secret

2    misappropriation is largely factual."  See id. at 954.

3         Here, as noted, Diamond Imports, in the First Cause of Action, has asserted a

4    claim for misappropriation of trade secrets.  In support thereof, Diamond Imports alleges

5    that Kapu Gems "acquired by improper means" (see FACC ¶ 29) Diamond Imports'

6    "customer and pricing list which . . . constituted trade secrets within the definition of Civil

7    Code Section 3426, et seq" (see id. ¶ 27).  In the Second Cause of Action, Diamond

8    Imports alleges Kapu Gems "usurp[ed] its customers by using [its] customer and price list

9    which Kapu Gems wrongfully misappropriated" (see id. ¶ 37), in other words, the same

10   nucleus of facts as alleged in support of the First Cause of Action.

11        In response to the instant motion, Diamond Imports argues it has supported the

12   Second Cause of Action with additional facts that are "outside of the trade secrets,"

13   specifically that Kapu Gems "fraudulently induced Diamond Imports to enter into a joint

14   venture agreement, that Kapu Gems had a close working relationship with Diamond

15   Imports . . . [and that,] separate from receiving the confidential customer and price list,

16   Kapu Gems went out and solicited business from Diamond Imports' customers and took

17   actions to poach these customers."  (See Opp. at 6:20).  As set forth below, the Court is

18   not persuaded.

19        "The policy of the common law has always been in favor of free competition."  See

20   A-Mark Coin v. General Mills, Inc., 148 Cal. App. 3d 312, 323-24 (1983) (internal

21   quotation and citation omitted).  Thus, to support a business interference claim, a plaintiff

22   must "plead that the defendant engaged in an independently wrongful act," i.e., an act

23   that "is unlawful."  See Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134,

24   1158 (2003).  Here, the alleged independently wrongful act is Kapu Gems'

25   misappropriation of trade secrets, specifically, the identity of Diamond Imports' customers

26

27   ───────────────────────────────────

28   has superseded a state law or a state law has superseded a local law, not whether one
     provision of state law has displaced other provisions of state law").

United States District Court
Northern District of California

and the prices it charges.  The alleged fraudulent inducement is merely the means by which Kapu Gems gained access to such information and the alleged solicitation is the means by which Kapu Gems is alleged to have used it.

In sum, the "gravamen of the wrongful conduct asserted" in Diamond Imports' business interference claim is "the misappropriation of trade secrets," and, consequently, said claim is displaced.  See K.C. Multimedia, Inc.,171 Cal. App. 4th at 961; see also Phoenix Tech. Ltd v. Device VM, No. C 09-04697 CW, 2009 WL 4723400, at *4 (N.D. Cal., Dec. 8, 2009) (holding "[i]f there is no material distinction between the wrongdoing alleged in a CUTSA claim and that alleged in a different claim, the CUTSA preempts the other claim") (internal quotation, citation, and alteration omitted).[3]

Accordingly, the Second Cause of Action will be dismissed without further leave to amend.

**B.  Third Cause of Action: "Unfair Competition (Business and Professions Code 17200)"**

In the Third Cause of Action, Diamond Imports alleges Kapu Gems violated California's Unfair Competition Law ("UCL"), Cal. Bus. and Prof. Code § 17200 et. seq., by engaging in "unlawful, fraudulent, and unfair business act[s] or practice[s] (see FACC ¶¶ 42-43).  Kapu Gems argues the Third Cause of Action likewise is preempted under CUTSA.  The Court agrees.

An unfair competition claim, whether common law or statutory, is displaced under CUTSA where such claim "rests squarely on its factual allegations of trade secret misappropriation."  See K.C. Multimedia, Inc., 171 Cal. App. 4th at 961-62.

Here, the alleged unlawful business practices are "violations of Civil Code Section 3426, et seq. for misappropriation of trade secrets" (see FACC ¶ 44); the alleged "fraudulent acts are that Vaghani, as partner and principal in Kapu Gems made false

---

[3] In light of the above ruling, the Court does not address herein Kapu Gems' other arguments in support of dismissal of the Second Cause of Action.

United States District Court
Northern District of California

1   statements to Yachdav to obtain the Diamond Imports confidential customer and price

2   list" (see id. ¶ 45); and the alleged "unfair business practices" are "[1] inducing Diamond

3   Imports to form a putative joint venture so to piggyback on Yachdav's knowledge,

4   trustworthy reputation and his goodwill, [2] forming a putative joint venture with Diamond

5   Imports to gain entry into the US diamond market and breaching its promise with

6   Diamond Imports, [3] obtaining the Diamond Imports customer and price list under the

7   guise of the putative joint venture, and [4] promising not to contact, solicit, and sell

8   diamonds to the Diamond Imports customers" (see id. ¶ 49).

9        In opposing dismissal of the Third Cause of Action, Diamond Imports again argues

10  it has alleged "facts outside the trade secrets claim." (See Opp. at 6:26). As discussed

11  above, however, the alleged fraudulent inducement was merely the means by which

12  Kapu Gems is alleged to have gained access to Diamond Imports' trade secrets, as were

13  the alleged false promises. Consequently, the "gravamen" of Diamond Imports' unfair

14  competition claim being the misappropriation of trade secrets, said claim is displaced

15  under CUTSA. See K.C. Multimedia, Inc.,171 Cal. App. 4th at 961.[4]

16       Accordingly, the Third Cause of Action will be dismissed without further leave to

17  amend.

18                                    **CONCLUSION**

19       For the reasons stated above, Kapu Gems' partial motion to dismiss the First

20  Amended Counterclaim is hereby GRANTED, and the Second and Third Causes of

21  Action therein are hereby DISMISSED.

22       **IT IS SO ORDERED.**

23

24  Dated: November 22, 2016

25                                                    MAXINE M. CHESNEY
                                                     United States District Judge
26

27  _____

28       [4] In light of the above ruling, the Court does not address herein Kapu Gems' other
    arguments in support of dismissal of the Third Cause of Action.

7